IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JASON SCUTT,<br><br>Plaintiff,<br><br>vs.<br><br>UNITEDHEALTH INSURANCE CO. AND SUBSIDIARIES; MAUI COMMUNITY CLINIC aka "MALAMA I KE OLA,"<br><br>Defendants. | CIVIL NO. 21-00323 JAO-RT<br><br>ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION |

**ORDER (1) DISMISSING COMPLAINT AND
(2) DENYING IFP APPLICATION**

Before the Court is pro se Plaintiff Jason Scutt's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application" or "Application"), filed July 26, 2021. ECF No. 3. For the following reasons, the Court DISMISSES the Complaint with leave to amend and DENIES the IFP Application.

### BACKGROUND

This case — the tenth case filed by Plaintiff in this district since January 2020 — concerns Defendants UnitedHealth Insurance Company's ("UnitedHealth") and Maui Community Clinic aka Malama I Ke Ola's ("Malama") (collectively, "Defendants") alleged denial of insurance coverage and medical

treatments for Plaintiff's gender dysphoria. Plaintiff asserts four claims: (1) medical malpractice related to Title VI of the Civil Rights Act of 1964 and "Hawaii state law § 431"; (2) defamation; (3) Eighth Amendment; and (4) Title III of the Americans with Disabilities Act ("ADA"). She requests compensatory, statutory, and exemplary damages and an injunction and protective order against Defendants, as well as the participants of other related proceedings. Compl. at 23.

## DISCUSSION

**I.     Dismissal of the Complaint under the In Forma Pauperis Statute — 28 U.S.C. § 1915(e)(2)**

Plaintiff seeks leave to proceed in forma pauperis. A court may deny leave to proceed in forma pauperis at the outset and shall dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) "is frivolous or malicious"; (2) "fails to state a claim on which relief may be granted"; or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2); *see Tripati v. First Nat'l Bank & Tr.*, 821 F.2d 1368, 1370 (9th Cir. 1987); *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). When evaluating whether a complaint fails to state a viable claim for screening purposes, the Court applies FRCP 8's pleading standard as it does in the context of an FRCP 12(b)(6) motion to dismiss. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).

FRCP 8(a) requires "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1)–(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. *See Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). FRCP 8 does not demand detailed factual allegations. However, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted) "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (citations omitted). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678 (citation omitted).

Leave to amend should be granted even if no request to amend the pleading was made, unless the Court determines that the pleading could not possibly be

cured by the allegation of other facts. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *see also Tripati*, 821 F.2d at 1370. Specifically, "pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati*, 821 F.2d 1370 (quoting *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984)); *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058 (9th Cir. 2011) ("If a pro se complaint is dismissed for failure to state a claim, the court must 'freely grant leave to amend' if it is 'at all possible' that the plaintiff could correct pleading deficiencies by alleging different or new facts." (citation omitted)).

In the present case, even construing Plaintiff's FAC liberally, *see Bernhardt v. Los Angeles County.*, 339 F.3d 920, 925 (9th Cir. 2003); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that dismissal is appropriate because Plaintiff fails to state a claim upon which relief can be granted.

    **A.    Medical Malpractice Related to Title VI**

Plaintiff inexplicably ties medical malpractice, an insurance provision from Hawaiʻi Revised Statutes ("HRS"), and Title VI, into a single claim. Plaintiff claims that "Hawaii state law § 431"[1] mirrors Title VI so Defendants' denial of coverage and medically necessary treatments violated state law and Title VI

---

[1] It appears that Plaintiff is referencing HRS § 431:10a-118.3.

because they were due to her transgender status. Title VI provides that "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 42 U.S.C. § 2000d. To state a Title VI claim, "a plaintiff must allege that (1) the entity involved is engaging in racial discrimination; and (2) the entity involved is receiving federal financial assistance."[2] *Fobbs v. Holy Cross Health Sys. Corp.*, 29 F.3d 1439, 1447 (9th Cir. 1994), *overruled on other grounds by Daviton v. Columbia/HCA Healthcare Corp.*, 241 F.3d 1131 (9th Cir. 2001) (en banc) (citations omitted). Plaintiff plainly alleges that Defendants discriminated against her "b*ecause* she was seeking gender affirming surgery." Compl. at 12. This is unrelated to race, so Title VI is inapplicable and the claim is DISMISSED with prejudice.

**B.     Eighth Amendment**

Plaintiff alleges that Defendants violated the Eighth Amendment by depriving her of gender affirming surgery and other health care. Compl. at 20. "The government has an 'obligation to provide medical care *for those whom it is punishing by incarceration*,' and failure to meet that obligation can constitute an Eighth Amendment violation cognizable under § 1983. *Colwell v. Bannister*, 763

---

[2] The Court has provided this standard to Plaintiff in other cases.

5

F.3d 1060, 1066 (9th Cir. 2014) (emphasis added) (quoting *Estelle v. Gamble,* 429 U.S. 97, 103–05 (1976)).  Because Plaintiff is not incarcerated, she cannot state a claim for an Eighth Amendment violation.  Therefore, her Eighth Amendment claim is DISMISSED with prejudice.

    **C.    ADA**

Plaintiff alleges that UnitedHealth violated Title III of the ADA by failing to provide her accommodations for her hearing and speaking impairments; namely, refusing to allow her to communicate with ground transportation drivers via text, thereby denying her the use of these services.  Compl. at 21.  She also asserts that UnitedHealth refused to authorize a wrist brace for her broken wrist.  *Id.* at 21–22.  Title III of the ADA prohibits discrimination against individuals "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."  42 U.S.C. § 12182(a); *Karczewski v. DCH Mission Valley LLC*, 862 F.3d 1006, 1009 (9th Cir. 2017) ("Title III of the ADA prohibits discrimination by public accommodations.").  "Public accommodations must start by considering how their facilities are used by non-disabled guests and then take reasonable steps to provide disabled guests with a like experience." *Karczewski*, 862 F.3d at 1009 (citing *Baughman v. Walt Disney World Co.*, 685 F.3d 1131,

1135 (9th Cir. 2012)). A plaintiff alleging discrimination under Title III must show the following:

> (1) he is disabled as that term is defined by the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; (3) the defendant employed a discriminatory policy or practice; and (4) the defendant discriminated against the plaintiff based upon the plaintiff's disability by (a) failing to make a requested reasonable modification that was (b) necessary to accommodate the plaintiff's disability.

*Fortyune v. Am. Multi-Cinema, Inc.*, 364 F.3d 1075, 1082 (9th Cir. 2004).

Plaintiff has not alleged that she is disabled as defined by the ADA, but assuming she is, she has not alleged that UnitedHealth owns, leases or operates a place of public accommodation related to her claim. The ADA identifies the following private entities as public accommodations, "if the operations of such entities affect commerce--"

> (A) an inn, hotel, motel, or other place of lodging, except for an establishment located within a building that contains not more than five rooms for rent or hire and that is actually occupied by the proprietor of such establishment as the residence of such proprietor;
>
> (B) a restaurant, bar, or other establishment serving food or drink;
>
> (C) a motion picture house, theater, concert hall, stadium, or other place of exhibition or entertainment;
>
> (D) an auditorium, convention center, lecture hall, or other place of public gathering;

> (E) a bakery, grocery store, clothing store, hardware store, shopping center, or other sales or rental establishment;
>
> (F) a laundromat, dry-cleaner, bank, barber shop, beauty shop, travel service, shoe repair service, funeral parlor, gas station, office of an accountant or lawyer, pharmacy, insurance office, professional office of a health care provider, hospital, or other service establishment;
>
> (G) a terminal, depot, or other station used for specified public transportation;
>
> (H) a museum, library, gallery, or other place of public display or collection;
>
> (I) a park, zoo, amusement park, or other place of recreation;
>
> (J) a nursery, elementary, secondary, undergraduate, or postgraduate private school, or other place of education;
>
> (K) a day care center, senior citizen center, homeless shelter, food bank, adoption agency, or other social service center establishment; and
>
> (L) a gymnasium, health spa, bowling alley, golf course, or other place of exercise or recreation.

42 U.S.C. § 12181(7). Critically, the foregoing are "actual, physical places where goods or services are open to the public, and places where the public gets those goods or service." *Weyer v. Twentieth Century Fox Film Corp.*, 198 F.3d 1104, 1114 (9th Cir. 2000). While these categories "'should be construed liberally' to afford people with disabilities 'equal access' to the wide variety of establishments available to the nondisabled," *PGA Tour, Inc. v. Martin*, 532 U.S. 661, 676 (2001) (citations omitted), "some connection between the good or service complained of

8

and an actual physical place is required." *Weyer*, 198 F.3d at 1114; *Chabner v. United of Omaha Life Ins. Co.*, 225 F.3d 1042, 1047 (9th Cir. 2000).

Here, even if UnitedHealth has a physical office, it does not appear that UnitedHealth's purported refusal to facilitate text communication with ground transportation drivers or its unwillingness to provide a wrist brace affect her ability to access its office. Although it is unlikely Plaintiff can state an ADA claim, the Court will grant leave to amend this claim.

Insofar as the Court dismissed Plaintiff's federal claims, it declines to address Plaintiff's state law claims (defamation[3] and potentially HRS § 431:10a-118.3[4]) at this time. Plaintiff's assertion of federal claims conferred the Court with jurisdiction under 28 U.S.C. § 1331, and supplemental jurisdiction over her state law claims. *See* 28 U.S.C. § 1367(a) ("Except as provided in subsections (b) and

---

[3] In her defamation claim, Plaintiff states: "These employees including especially Taralyn German should also be held to account under USC 42 SEC. 1983 for the gross abuse of power, extra billings to Medicaid for unwanted and unnecessary 'Behavior' services and other hate-based sabotage to Plaintiff's permanent medical charts." Compl at 19. Ms. German is not a party to this action and Defendants — it is unclear which Defendant employs her — cannot be held liable for her actions (assuming she even acted under color of state law) pursuant to § 1983. *See Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under section 1983 there must be a showing of personal participation in the alleged rights deprivation: there is no respondeat superior liability under section 1983." (citations omitted)).

[4] Assuming Plaintiff attempts to assert a claim under this provision, it is unclear that she has a private cause of action.

(c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.").

Plaintiff also invokes diversity jurisdiction. However, her allegations are deficient. "Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Federal courts are presumed to lack subject matter jurisdiction, and the plaintiff bears the burden of establishing that subject matter jurisdiction is proper. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If the Court lacks subject matter jurisdiction, an action must be dismissed. *See* Fed. R. Civ. P. 12(h)(3).

Federal district courts have original jurisdiction over cases where the amount in controversy exceeds $75,000, exclusive of interest and costs, and where the matter in controversy is between citizens of different states. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship requires that each of the plaintiffs be a citizen of a different state than each of the defendants. *See Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1025 (9th Cir. 2007) (citing *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 553 (2005)); *Morris v. Princess Cruises*,

*Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).  Plaintiff does not provide the parties' citizenships.  Corporations are citizens of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).  By contrast, an LLC shares the citizenships of all of its owners/members.  *Id.* at 899, 902 ("[A]n LLC is a citizen of every state of which its owners/members are citizens.").  Plaintiff names UnitedHealth and its subsidiaries as Defendants.  If Plaintiff files an amended pleading, she must expressly name any subsidiary and provide its citizenship(s).  Plaintiff must also identify Malama's citizenship.  Complete diversity of citizenship cannot exist if both Plaintiff and Malama are citizens of Hawaiʻi.

### D. Amended Complaint

Plaintiff may file an amended complaint by **August 18, 2021** — which should be titled "First Amended Complaint"[5] — correcting the deficiencies outlined above regarding her ADA claim.  She *may not* reassert Title VI or Eighth Amendment claims, but may reassert her state law claims.  Plaintiff must provide sufficient facts and law demonstrating that she states a claim against Defendants.  Plaintiff must also comply with all rules governing pleadings and clearly identify

---

[5] Plaintiff should pay careful attention to the correct spelling of her pleadings. Despite the Court's specific instructions regarding the title of her pleadings in other cases, she always misspells the document title.

11

which allegations and claims pertain to each Defendant.  Plaintiff *may not add new parties (other than the identification of specific UnitedHealth subsidiaries) or claims* without obtaining leave of court through a formal motion.  Moreover, Plaintiff is advised that Local Rule 10.4 requires that "any party filing . . . an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court."  Local Rule 10.4.  As a general rule, an amended complaint supersedes the original complaint.  *See Lacey v. Maricopa County*, 693 F.3d 896, 927 (9th Cir. 2012).  Thus, if Plaintiff files an amended complaint, the Complaint no longer serves any function in the case, and any claims that are not included in the amended complaint may be deemed waived.  *See id.* at 928.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order will result in the automatic dismissal of this action.

## II.     IFP Application

The Court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees.  *See* 28 U.S.C. § 1915(a)(1); *see also* 42 U.S.C. § 3613(b)(2) (authorizing "the commencement or continuation of a civil action [for a discriminatory housing practice] without the payment of fees, costs, or security, if in the opinion of the court such person is financially unable to bear the costs of

such action"). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)). Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'" *Id.* (citation omitted).

According to the information provided by Plaintiff, she has not demonstrated entitlement to proceed in forma pauperis. In the past year, Plaintiff's income totaled approximately $29,909.94. Plaintiff claims that her monthly expenses are $3,750,[6] $2,000 of which she attributes to "groceries, medical, other." It is unclear what proportion of this sizeable amount of money goes towards groceries. However, it is noteworthy that Plaintiff receives $470/month in food stamps. Plaintiff also has $2,599.11 in a personal bank account and $4,949.94 in a business bank account.[7]

---

[6] Plaintiff also includes her monthly business overhead in her expenses but because she also factored them into her income, the Court does not include them again here.

[7] The latter amount was included as a part of Plaintiff's net business income for the past year.

13

While not dispositive, Plaintiff's income far exceeds the poverty threshold for a one-person household in Hawai'i, which is currently $14,820.00. *See* Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 7732-0185 (Feb. 1, 2021). Factoring the $7,594.05 balance in the bank, and Plaintiff's expenses, the Court concludes that Plaintiff has not sufficiently demonstrated that she lacks the financial resources to pay the filing fee. This is true even if the business bank account balance is deducted from Plaintiff's income.

In assessing Plaintiff's ability to proceed, the Court "must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities." *Temple v. Ellerthorpe*, 586 F. Supp. 848, 850 (D.R.I. 1984). That said, "the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in material part, to pull his own oar." *Id.* (citations omitted); *see also Upton v. Comm'r of Soc. Sec. Admin.*, Case No.: 20cv325-NLS, 2020 WL 886623, at *2 (S.D. Cal. Feb. 24, 2020). Plaintiff is becoming a serial filer in this district, having filed nine lawsuits — starting in January 2020 — before commencing this case. Because Plaintiff has adequate personal funds, federal funds should not be used to underwrite her continuing grievances against different defendants based on similar allegations.

For these reasons, the Court DENIES Plaintiff's IFP Application. If Plaintiff elects to file an amended pleading, she must *concurrently* pay the applicable filing fee. Failure to do so will result in the automatic dismissal of this action.

## CONCLUSION

For the reasons stated herein, the Court: (1) DISMISSES the Complaint with limited leave to amend and (2) DENIES the IFP Application. If Plaintiff elects to file an amended complaint, she must comply with the following requirements:

(1) Plaintiff's deadline to file an amended complaint is **August 18, 2021**;

(2) Plaintiff's amended complaint should be titled "First Amended Complaint"; and

(3) Plaintiff must cure the deficiencies identified above and may only amend as directed.

Plaintiff is cautioned that failure to timely file an amended pleading that conforms with this Order and concurrently remit the filing fee will result in the automatic dismissal of this action.

//

//

//

//

//

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, July 28, 2021.



Jill A. Otake
United States District Judge

CV 21-00323 JAO-RT; *Scutt v. UnitedHealth Ins. Co.*; ORDER (1) DISMISSING COMPLAINT AND (2) DENYING IFP APPLICATION